cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 458326

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. LOPEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> PLS FINANCIAL SERVICES, a corporation (also doing business as PLS Financial Services of California, PLS California, and Azteca of California) et al., <br><br> Defendants. | Case No. CV 11-03730 DDP (JEMx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND REMAND** <br><br> [Motion filed on 05/20/2011] |

    Presently before the court is Plaintiff Frank Lopez's Motion to Amend Complaint and Remand.  PLS Financial Services, Randy Frost, Alvino Davenporte, and Emma Young (collectively "Defendants") oppose the motion.  Having read the parties' pleadings and considered the arguments therein, the court GRANTS Plaintiff's Motion to Amend Complaint and Remand and REMANDS Plaintiff's First Amended Complaint ("FAC").

///

Plaintiff brought suit in Los Angeles Superior Court, alleging a hostile work environment, harassment, and discrimination on the basis of his sexual orientation in violation of the California Fair Employment and Housing Act among other causes of action. (Dkt. No. 1.) On April 29, 2011, Defendants removed Plaintiff's complaint to this court, alleging diversity jurisdiction. (Id.) On May 20, 2011, Plaintiff filed the present Motion to Amend Complaint and Remand. (Dkt. No. 12.) Plaintiff now seeks to join as defendants to this action the following parties: Payday Loan Store of California, PLS Check Cashers of California, David Cobian, Robert Wolfberg, Daniel Wolfberg, and Barb Wolf (collectively the "Payday Defendants"). (Id.)

There is a conflict of authorities on what standard governs the court's decision whether to permit joinder of the Payday Defendants. Federal Rule of Civil Procedure 15(a) states, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." In contrast, 28 U.S.C. § 1447(e) grants the court discretion to permit or reject amendments joining non-diverse defendants after removal. Authorities disagree whether Rule 15(a) or § 1447(e) governs amendments prior to responsive pleadings that add non-diverse defendants. See Palestini v. General Dynamics Corp., 193 F.R.D. 654 (S.D. Cal. 2000); Clinco v. Roberts, 41 F.Supp.2d 1080, 1087-88 (C.D. Cal. 1999). The Ninth Circuit has not resolved the split in authorities. Nonetheless, the court need not resolve the conflict because it holds that, under either standard, joinder the of the Payday Defendants is proper.

1     Under Rule 15(a), Plaintiff need not obtain leave from the
2 court to file an amended complaint if Defendants have not filed a
3 responsive pleading.  Because Defendants still have not filed a
4 responsive pleading in this case, the First Amended Complaint is
5 valid under Rule 15(a).  Thus, assuming Rule 15 governs, remand is
6 mandatory due to the addition of the Payday Defendants.  See
7 Yniques v. Cabral, 985 F.2d 1031, 1034 (9th Cir. 1993).

8     Even under the discretionary standard of § 1447(e), the court
9 finds remand proper.  See Newcombe v. Adolf Coors Co., 157 F.3d
10 686, 691 (9th Cir. 1998).  Title 28 U.S.C. § 1447 provides: "If
11 after removal the plaintiff seeks to join additional defendants
12 whose joinder would destroy subject matter jurisdiction, the court
13 may deny joinder, or permit joinder and remand the action to the
14 State court."  28 U.S.C. § 1447(e).

15     When deciding whether to permit joinder under § 1447(e), a
16 court considers: (1) whether the party sought to be joined is
17 needed for just adjudication and would be joined under Federal Rule
18 of Civil Procedure 19(a); (2) whether the statute of limitations
19 would prevent the filing of a new action against the new defendant
20 should the court deny joinder; (3) whether there has been
21 unexplained delay in seeking the joinder; (4) whether the joinder
22 is solely for the purpose of defeating federal jurisdiction; and
23 (5) whether the claim against the new party seems valid.  See
24 Schwarzer, et al., California Practice Guide: Federal Civil
25 Procedure Before Trial, ¶ 2:1078 (TRG 1998) (citing cases);
26 Palestini, 193 F.R.D. at 658.

27     Taking into account the considerations stated above, the Court
28 finds that joinder of the Payday Defendants is appropriate under §

3

1447(e). Precluding Plaintiff from joining the Payday Defendants would likely force Plaintiff to file a separate, nearly identical, complaint against these non-diverse defendants in state court. Although joint tortefeasors are generally considered "permissive" not "necessary" parties under Rule 19, <u>Temple v. Synthes Corp.</u>, 498 U.S. 5, 7 (1990), failure to join will lead to separate and redundant actions and will waste judicial resources, an outcome Rule 19(a) was intended to prevent. <u>Northrop Corp. V. McDonnel Douglas Corp.</u>, 705 F.2d 1030, 1043 (9th Cir. 1983). Though a separate state court action against the Payday Defendants would not be time barred, there will be little prejudice to Defendants from allowing amendment and remand at such an early stage in the case. Defendants have not even filed a responsive pleading yet, and "the alternative of separate lawsuits and indemnity actions between Defendants is a waste of time and resources." <u>Palestini</u>, 193 F.R.D. at 658.

Additionally, the court cannot conclude, and Defendants have offered no evidence to support their theory that Plaintiff's motives are anything other than avoidance of multiple actions. Plaintiff avers that the delay in filing the amended complaint was due to his inability to discover the true names of the Payday Defendants at the time of the initial filing. The court has no reason to doubt this explanation.

Finally, Plaintiff's amended complaint also pleads with specificity claims against the Payday Defendants. The amended complaint alleges a prima facie case of employment discrimination as well as claims for unlawful termination, retaliation, and

harassment, among other causes of action, further supporting the joinder of the Payday Defendants.

For the foregoing reasons, the court exercises its discretion to join the Payday Defendants and remands the case to state court for lack of complete diversity. Defendants' Motion to Dismiss Case (Dkt. No. 35) is accordingly vacated as moot.

IT IS SO ORDERED.

Dated: July 26, 2011

DEAN D. PREGERSON
United States District Judge